IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**FILED**

**Aug 02, 2018**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARIO BATTON,

              Petitioner,

      vs.

DANIEL PARAMO, Warden, Richard J.
Donovan Correctional Facility,

              Respondent.

No. 2:16-cv-00762-JKS

ORDER
[Re: Motions at Docket Nos. 30 and 31]

This Court denied Mario Batton, a state prisoner proceeding *pro se*, habeas corpus relief and a certificate of appealability on March 8, 2018. Docket Nos. 28, 29. Batton has filed two motions which are now pending before the Court.

1.     **Motion for Reconsideration (Docket No. 30)**

At Docket No. 30, Batton submitted a letter dated May 13, 2018, in which he asks the Court to correct trial court errors and various violations of his constitutional rights. The Court construes the request as a motion for reconsideration of this Court's order denying habeas relief. Because it was filed later than 28 days of entry of judgment, Batton's Motion is treated as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Rule 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Here, however, Batton has not made an adequate showing under any of the grounds for reconsideration referenced above; rather, he simply repeats arguments raised in his Petition and Traverse. Batton has thus failed to provide any basis upon which this Court could reconsider its decision.

## 2. Extension Request (Docket No. 31)

At Docket No. 31, Batton seeks an extension of time to file a request for a certificate of appealability. The record indicates, however, that Batton has not filed a notice of appeal with this Court, which is the first step required for appealing from this Court's denial of his habeas petition. *See* FED. R. APP. P. 4(a)(1)(A). A notice of appeal from a judgment rendered under 28 U.S.C. § 2254 must be filed within 30 days after entry of the judgment. *Id.* The notice must include "the party or parties taking the appeal by naming each one in the caption or body of the notice," "the judgment, order, or part thereof being appealed," and "the court to which the appeal is taken." FED. R. APP. P. 3(c)(1).

Although Batton's submission at Docket No. 31 contains the information required for a notice of appeal, it is dated June 5, 2018 and therefore was not timely filed. The Court will therefore construe his submission as a request for an extension of time to file a notice of appeal. Federal Rule of Appellate Procedure 4(a)(5) provides that the Court may extend the time to file a

notice of appeal when two conditions are met.  First, the motion seeking an extension must be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a) (in this case, the request for an extension must be made within 60 days after the judgment was entered because the time originally prescribed by Rule 4(a) is 30 days).  FED. R. APP. P. 4(a)(5)(A)(i); *Pettit v. Chiang*, 357 F. App'x 50, 52 (9th Cir. 2009).  Second, the party seeking the extension must show "excusable neglect or good cause."  FED. R. APP. P. 4(a)(5)(A)(ii); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc).

In any event, no extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later.  FED. R. APP. P. 4(a)(5)(c); *Pettit*, 357 F. App'x at 52 ("[T]he deadline for filing a notice of appeal was May 22, 2008, and the deadline for requesting an extension was June 23, 2008.  Appellants did not move for an extension until July 10, 2008. The district court . . . did not have jurisdiction to consider a motion for an extension of time that was filed after the deadline prescribed by Rule 4(a)(5)(A).").  Because Batton's construed request for an extension of time to file a notice of appeal was made more than 60 days after the entry of this Court's March 8, 2018, order, this Court is without authority to grant it.  Any relief must therefore be requested from the Ninth Circuit Court of Appeals.  The Court further notes that this Court has already denied him a certificate of appealability.  If the Ninth Circuit allows Batton to late-file a notice of appeal, Batton should request a certificate of appealability from the Ninth Circuit rather than this Court.  Any relief sought with respect to that request, including any extension requests, must also be directed to the Ninth Circuit.

**IT IS THEREFORE ORDERED THAT** the letter at Docket No. 30, construed as a Motion for Reconsideration, is **DENIED**.

**IT IS FURTHER ORDERED THAT** the motion for an extension of time to file a request for a certificate of appealability, construed as a request for an extension of time to file a notice of appeal, is **DENIED**. Any further relief must be requested from the Ninth Circuit Court of Appeals.

Dated: August 2, 2018.

   /s/James K. Singleton, Jr.   
JAMES K. SINGLETON, JR.
Senior United States District Judge
