IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BATTON,<br><br>                Petitioner,<br><br>    vs.<br><br>DANIEL PARAMO, Warden, Richard J. Donovan Correctional Facility,<br><br>                Respondent. | No. 2:16-cv-00762-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 39] |

This Court denied Mario Batton, a state prisoner proceeding *pro se*, habeas corpus relief and a certificate of appealability ("COA") on March 8, 2018. Docket Nos. 28, 29. By letter dated May 13, 2018, Batton moved for reconsideration of this Court's order pursuant to Federal Rule of Civil Procedure 60(b). Docket No. 30. The Court denied the request after concluding that Batton failed to make an adequate showing under any of the grounds for reconsideration referenced in that rule. Docket No. 33. Batton also moved in this Court for an extension of time to file a request for a COA. Docket No. 31. Noting that Batton had not yet filed a notice of appeal, which is the first step to perfecting an appeal, the Court construed the request as a motion for an extension of time to file a notice of appeal. Docket No. 33. Because the construed request was made more than 60 days after the judgment denying his habeas petition was entered, the Court was without authority to grant it. Docket No. 34. The Ninth Circuit Court of Appeals subsequently denied Batton's request for a COA because he did not timely file a notice of appeal. Docket No. 38.

Now pending before the Court is Batton's second request pursuant to Rule 60(b) for reconsideration of this Court's 2018 order denying habeas relief.  Docket No. 39.  Rule 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Batton contends that relief is warranted pursuant to Rule 60(b)(6) because this Court wrongfully rejected the claims raised in his habeas petition.  Batton, however, has not made an adequate showing under any of the grounds for reconsideration referenced above; rather, he simply repeats arguments raised in his Petition and Traverse.  Thus, Batton has failed to provide any basis upon which this Court could reconsider its decision

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 39 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*

*v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: September 24, 2019.

    /s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge